UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

WILLARD H. FRAZIER, JR.,                                                          No. 10-14148

                             Debtor(s).
_____/

Memorandum on Objection to Claim
_____

      Ami Hower is a licensed California Finance Lender broker. Her husband, Robert Hower, is not a licensee. They are the principals in a California corporation known as It's a Jungle Out There ("IAJOT"), doing business as Vintage Capital. Prior to the Chapter 11 filing of debtor Willard Frazier, the Howers, through IAJOT, agreed to make Frazier a secured 90-day loan of $192,747.50. The terms of the loan were usurious under California law for anyone who was not a California Licensed Lender pursuant to the California Finance Lenders Law, Cal.Fin.C. § 22000 et seq.

      Although IAJOT was an active commercial lender and it used a title company it had regularly used and a title officer who had handled numerous escrows in relation to IAJOT loans, somehow the loan documents were drawn up identifying the Howers as the lenders personally. The Howers knew that Frazier was traveling to Europe and that he needed to have the loan funds immediately to avoid property tax penalties. The Howers say that they instructed the escrow officer to draft new documents, but that at the pleading of Frazier they agreed to close on the documents he had already signed as long as Frazier agreed that the loan was from IAJOT and not the Howers personally.

Despite the "mistake," the Howers never took any steps to assign the note and deed of trust from them to IAJOT. Instead, Ami Hower says she made a self-serving internal memo, dated 4-8-09 on Vintage Capital letterhead, reciting the "facts" and stating at the end "$192.747.50 note assigned to corporation as it is a corporate debt." When it came time to foreclose, all paper work was in the Howers' name as if they owned the note. Frazier has objected to the Howers' proof of claim, on grounds of usury.

The Howers made two serious mistakes in this case. The first was drafting the memo of 4-8-09 instead of correcting the "mistake" promptly and properly. The second was in thinking that Frazier's agreement in any way waived the usury defense to the claim.

California usury laws were designed to penalize lenders taking advantage of unwary and necessitous borrowers. *Buck v. Dahlgren* (1972) 23 Cal. App. 3d 779, 787, citing *White v. Seitzman* (1964) 230 Cal.App.2d 756, 761; *Wooton v. Coerber* (1963) 213 Cal.App.2d 142, 148; *In re Washer* (1926) 78 Cal.App. 759, 771-772. California courts have regularly held that, absent fraud on the part of the borrower, the parties are not *in pari delicto* in a usurious transaction. *Heald v. Friishansen* (1959) 52 Cal.2d 834, 837. The lender may not assert an estoppel against the borrower simply because the borrower took the initiative in seeking the loan, knew of the usurious nature of the transaction, and paid usurious interest without protest. *Stock v. Meek* (1950) 35 Cal.2d 809, 817; *Taylor v. Budd*, 217 (1933) Cal. 262, 266-267. The provisions of the California Finance Lenders Law under which IAJOT operated are fundamental and unwaivable, as a matter of public policy. *Brack v. Omni Loan Co., Ltd.,* 164 CalApp.4th 1312, 1326 (2008). The court accordingly finds Frazier's "acknowledgment" that the loan was an IAJOT loan and not a personal loan from the Howers totally and completely irrelevant.

There is only one true issue here, which is whether, as a factual matter, there was a true mistake as opposed to an attempt by the Howers to circumvent the California Finance Lenders Law. There are several factors which bring the "mistake" argument into question, including the source of the funds, the lack of proper correction of the "mistake," the fact that the Howers commenced foreclosure under

2

their own names and, most crucially, how an experienced title officer who had who had handled numerous escrows in relation to IAJOT loans could have made such a fundamental error.

Resolution of this factual issue requires a further hearing and live testimony, as credibility will be a key factor. Counsel for Frazier shall accordingly notice a scheduling conference to set a date for such hearing. The court will resolve the remaining technical objects at the further hearing. At the further hearing, it shall be deemed without controversy that Frazier's acknowledgment is not relevant.

Dated: October 15, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge